UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BRIDGET GILMORE                                CIVIL ACTION NO. 20-cv-1589

VERSUS                                         JUDGE TERRY A. DOUGHTY

WAL-MART LOUISIANA, LLC                        MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Bridget Gilmore ("Plaintiff") filed this civil action against her former employer Walmart Louisiana, LLC.  Plaintiff alleges in her complaint that she had a number of disagreements with management. They were related to matters such as Plaintiff's leave of absence after a car accident, an instruction by a third-party benefits administrator that management reinstate Plaintiff, and claims by management that Plaintiff stole from the store.  Plaintiff was eventually terminated, and her complaint sets forth several counts based on federal antidiscrimination statutes as well as a variety of other state and federal law claims.

Walmart filed a motion for partial dismissal (Doc. 19) that attacked several of the claims for failure to state a claim on which relief may be granted.  Plaintiff conceded that some of her claims referred to an incorrect statute or had other shortcomings, but she generally argued that her claims were adequately pleaded.  In the alternative, she asked that she be allowed an opportunity to amend her complaint and attempt to cure the deficiencies cited in the motion to dismiss.

Federal Rule of Civil Procedure 15(a)(1)(B) allowed Plaintiff the opportunity to, within 21 days after service of the motion to dismiss, amend her complaint without leave of court. The practice is encouraged by the rule so that any deficiencies may be cured if possible and avoid unnecessary motion practice. Plaintiff did not take advantage of that opportunity, but she now requests that she be allowed to file an amended complaint. There is no scheduling order or deadline for amendment of pleadings in place in this case, and Plaintiff has not filed any prior amendments.

When a plaintiff in this position does not provide a copy of her proposed amended complaint or explain how the defects could be cured, a district court may deny leave to amend. Thomas v. Chevron, 832 F.3d 586, 590 (5th Cir. 2016); McKinney v. Irving ISD, 309 F.3d 308, 315 (5th Cir. 2002); and Scott v. U.S. Bank, 16 F.4th 1204 (5th Cir. 2021). Despite Plaintiff's failure to indicate what amendment she would offer and how it would cure her complaint's defects, the undersigned finds that the best exercise of the court's discretion in these circumstances is to allow Plaintiff an opportunity to amend her complaint. This allows Plaintiff a fair opportunity to plead her best case, and it serves the interest of Defendant by preventing Plaintiff from arguing on appeal that the district court abused its discretion by not allowing her to amend. House of Raeford Farms v. Poole, 2020 WL 3052226 (W.D. La. 2020). The ordinary practice in this division in such circumstances is to allow an amendment, deny the motion to dismiss without prejudice, and allow the defendant to respond to the amended complaint with a new motion to dismiss. Davis v. Gavin, 2019 WL 2754758, *2 (W.D. La. 2019).

For these reasons, Plaintiff will be allowed until **March 18, 2022** to file a motion for leave to amend her complaint that is accompanied by her proposed amended complaint. Plaintiff should plead her best case because the court does not anticipate allowing additional amendments to respond to the deficiencies cited in the motion to dismiss. Plaintiff should also consider whether she should eliminate some of the counts asserted in her complaint that, for the reasons stated in the motion to dismiss, are likely lacking in legal support.

If Plaintiff files such a motion for leave to amend and it is granted, the court will deny the pending motion to dismiss without prejudice and allow Walmart 21 days to respond to the amended complaint with an answer or another motion. If Plaintiff does not move to amend by the deadline, the court will take up the motion to dismiss as it is currently briefed and consider Plaintiff to have forfeited her opportunity to amend her complaint.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of March, 2022.

Mark L. Hornsby
U.S. Magistrate Judge