# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| **BRIDGET GILMORE** | **CIVIL ACTION NO. 20-1589** |
| **VERSUS** | **JUDGE EDWARDS** |
| **WAL-MART LOUISIANA L L C** | **MAGISTRATE JUDGE HORNSBY** |

## ORDER

Before the Court is a Motion to Vacate Judgment filed by the plaintiff, Bridget Gilmore ("Plaintiff").[1] Plaintiff seeks relief from this Court's Judgment, which dismissed Plaintiff's claims against the defendant, Wal-Mart Louisiana, LLC ("Defendant").[2] The Motion is **DENIED**.

A district court has broad discretion to grant or deny a motion under Rule 60(b).[3] Under Rule 60(b), a court may relieve a party from a final judgment or order only upon a showing of one of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[4]

---

[1] R. Doc. 63.
[2] R. Doc. 60.
[3] *Halicki v. Louisiana Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998).
[4] Fed. R. Civ. P. 60(b).

The burden of establishing at least one of these reasons is on the moving party, and the determination of whether that burden has been met rests with the discretion of the Court.[5] But "[r]elief under Rule 60(b) is an extraordinary remedy," which is only available upon the movant showing unusual or unique circumstances.[6]

Relying on Rule 60(b)(3), Plaintiff avers that the Court's Judgment was based on the fraud and misconduct of Defendant.[7] Plaintiff presents two arguments. First, Plaintiff claims that Defendant deceived the Court by stating that Plaintiff was Jamaican when, in fact, she "is a Black/African American" and never told Defendant that she was "Jamaican or of Jamaican descent."[8] Second, Plaintiff contends that Defendant held an off-record conversation with the court reporter at Plaintiff's deposition on April 19, 2023, which improperly influenced the court reporter in Defendant's favor and constituted "improper off the record misconduct."[9]

Plaintiff's evidence does not make "a sufficient showing of unusual or unique circumstances justifying such relief."[10] This Court's analysis did not turn on whether or not Plaintiff was Jamaican. Rather, this Court relied on Plaintiff's own assertion that she was an "African-American female."[11] Also, the alleged off-record conversation at Plaintiff's deposition does not constitute an unusual circumstance

---

[5] *See Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990).
[6] *Schouest v. Home Depot USA Inc.*, No. CV 23-1505, 2024 WL 4930661, at *2 (E.D. La. Dec. 2, 2024) (citing *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985); *In re Edwards*, 865 F.3d 197, 205 (5th Cir. 2017)).
[7] *See* R. Doc. 63 at 2–3.
[8] *Id.* at 4–5 (cleaned up).
[9] *See id.* at 7–26. Specifically, Plaintiff claims that Defendant engaged in "[a] virtual off the record sidebar chat" with the court reporter. *Id.* at 18.
[10] *Pryor*, 769 F.2d 281, 286.
[11] R. Doc. 59 at 12–13; *see also* R. Doc. 26, ¶ 5.

justifying relief from this Court's judgment. Thus, Plaintiff is not entitled to relief under Rule 60(b)(3) as Plaintiff fails to meet her burden to establish that the Defendant engaged in fraud, misrepresentation, or misconduct that prevented Plaintiff from fairly presenting her case.[12]

**IT IS ORDERED** that the Motion to Vacate (R. Doc. 63) is **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 30th day of October, 2025.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[12] *See Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005) (internal citations omitted).